UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHANIQUE ROSEANNE NICOLE PEREZ, )
                                             )
      Plaintiff,                    )
                                             )
  v.                                         )     Civil Action No.   25-02707 (UNA)
                                             )
ALAN COLEMAN *et al*.,           )
                                           )
     Defendants.              )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP).  For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff sues three named individuals, as well as "MPD," "MD States Attorney," "OAG," "OIG," "Kipp Corporation," Madeira School, and "MA Mahoney."  Compl. Caption.  Except for Madeira School, the defendants' locations are not pleaded.  *See* Compl., ECF No. 1 at 2.  In the cryptically worded complaint, Plaintiff invokes the Racketeer Influenced and Corrupt Organizations Act ("RICO") and seeks $2 billion based on unilluminating exhibits.  *See* Compl., ECF No. 1 at 4.  Under Statement of Claim, Plaintiff writes, without supporting facts, "21 Yr. RICO Enterprise Child Sexual Exploitation Victim. Trafficking, Obstruction of Justice, Concealment, Intimidation of Witness-RICO, Retaliation, Etc."  *Id*.

"RICO makes it 'unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt[.]' "  *Cheeks v. Fort Myer Constr. Corp.*, 216

F. Supp. 3d 146, 153 (D.D.C. 2016) (quoting 18 U.S.C. § 1962(c), *aff'd*, 728 F. App'x 12 (D.C. Cir. 2018) (per curiam). To state a civil RICO claim, a plaintiff must allege factually "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Zernik v. U.S. Dep't of Justice*, 630 F. Supp. 2d 24, 27 (D.D.C. 2009) (quoting *Pyramid Secs. Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1117 (D.C. Cir. 1991)). " '[P]attern of racketeering activity' requires" the commission of at least two predicate racketeering offenses within a ten-year period. 18 U.S.C. § 1961(5); *see* 18 U.S.C. § 1961(1) (defining "racketeering activity"). To succeed on a RICO claim, a plaintiff must "show that a RICO predicate offense was the proximate cause of injury to his or her business or property." *Cheeks*, 728 F. App'x at 13 (citations omitted).

Plaintiff's conclusory assertions do not state a claim under RICO or any other federal law. *See Cheeks*, 728 F. App'x at 13 ("generalized allegations" of criminal acts and other wrongdoing "do not cross the threshold of plausibility"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In an IFP proceeding, the court must dismiss the case "at any time" it determines, as here, that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Consequently, this case will be dismissed by separate order.

_____/s/_____
JIA M. COBB
Date: August 25, 2025                                                    United States District Judge